**Laurie L. PEDZEWICK, Plaintiff,**

v.

**William Wayne FOE and A.C.C. Distributors, Defendants.**

**Civil Action No. 96–11341–WGY.**

United States District Court,
D. Massachusetts.

Feb. 28, 1997.

Charles M. McGowan, Boston, MA, for Plaintiff.

Patricia A. Duggan, McLeod & Mahoney, Boston, MA, for Defendants.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

Laurie Pedzewick ("Pedzewick") commenced this action to recover for the personal injuries she suffered in Carabelle, Florida, in a motor vehicle accident with a truck owned by A.C.C. Distributors and driven by William Wayne Foe (collectively "the Defendants"). The Defendants filed a motion to dismiss on December 6, 1996 stating, among other things, that this Court lacks personal jurisdiction over them. Rather than opposing the motion, Pedzewick conceded that this Court lacks personal jurisdiction and filed a motion to transfer the action to the Northern District of Florida under either 28 U.S.C. § 1631 or 28 U.S.C. § 1406(a). This Court heard argument on the motions to dismiss and to transfer on January 14, 1997. At that time, the Court requested further briefing on the issue of transfer and the applicable statute of limitations. After reviewing the papers, this Court now rules on the pending motions.

### I. Background

Pedzewick was injured in a head-on collision with the Defendants' truck on June 30, 1992. The accident occurred in Carabelle, Franklin County, Florida. A.C.C. Distributors is a corporation located in Albany, Georgia. William Wayne Foe is apparently also a resident of Georgia. Pedzewick, a resident of Massachusetts, commenced this diversity action on July 1, 1996 in this Court. Nothing in the Complaint suggests that the Defendants were ever subject to personal jurisdiction in or ever had any contact with the Commonwealth of Massachusetts.

The Defendants filed a motion to dismiss on the grounds of 1) lack of subject matter jurisdiction, 2) lack of personal jurisdiction, 3) improper venue, 4) insufficiency of service of process, and 5) failure to state a claim upon which relief can be granted. Pedzewick, conceding that this Court lacks personal jurisdiction over the Defendants, filed a motion to transfer the case to the Northern District of Florida. As grounds for the transfer, Pedzewick states that at the time of filing the Complaint, she "believed that the defendants were subject to personal jurisdiction in Massachusetts," but that it now appears they are not. Plaintiff's Memorandum in Support of Motion to Transfer at 1. The Defendants counter that transfer is not warranted in this case because of Pedzewick's actions in delaying the action and bringing suit in a state lacking personal jurisdiction.

### II. Discussion

The parties agree that this Court lacks personal jurisdiction over the Defendants. The only issue for this Court to decide, therefore, is whether to dismiss this action for lack of personal jurisdiction or transfer the case to the Northern District of Florida, a court of competent jurisdiction.

### A. 28 U.S.C. § 1631

Pedzewick urges this Court to transfer this action under 28 U.S.C. § 1631. Section 1631 states:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of *jurisdiction*, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed....

28 U.S.C. § 1631 (emphasis added). As section 1631 does not specify the type of "jurisdiction" to which it refers, it has been the subject of varying interpretations. Some courts have held that section 1631 permits transfer only when a court lacks subject matter jurisdiction over a case. *See, e.g., Mortensen v. Wheel Horse Prods., Inc.*, 772 F.Supp. 85, 88 (N.D.N.Y.1991) (citing *Levy v. Pyramid Co.*, 687 F.Supp. 48, 51 [N.D.N.Y. 1988] ); *McTyre v. Broward Gen. Med. Ctr.*, 749 F.Supp. 102, 105 (D.N.J.1990); *see also* 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3842, at 323 (2d ed.1986). Other courts have held that section 1631 allows transfer when any type of

jurisdiction is lacking, including personal jurisdiction. *See, e.g., Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d 1524, 1527 (10th Cir.1987); *Romann v. Geissenberger Mfg. Corp.,* 865 F.Supp. 255, 263 (E.D.Pa. 1994); *United States v. American River Transp., Inc.,* 150 F.R.D. 587, 591–92 (C.D.Ill.1993); *Composite Marine Propellers, Inc. v. VanDerWoude,* 741 F.Supp. 873, 878 (D.Kan.1990). The First Circuit has not yet decided this issue. *Edwards v. First Am. Title Ins. Co.,* No. 93–1873, 1994 WL 102402, at *2–3 (1st Cir. Mar.29, 1994), *cert. denied,* 513 U.S. 915, 115 S.Ct. 292, 130 L.Ed.2d 207 (1994) (where court specifically declined to reach issue of whether section 1631 applies to transfers for lack of subject matter jurisdiction only or also permits transfers for lack of personal jurisdiction).

This Court agrees with the line of cases limiting section 1631 to transfer for lack of subject matter jurisdiction only. Those cases have reached that conclusion by analyzing the legislative history of section 1631. *See Mortensen,* 772 F.Supp. at 88; *Levy,* 687 F.Supp. at 51; *McTyre,* 749 F.Supp. at 105. A Senate report issued when Congress enacted section 1631 states:

> In recent years, much confusion has been engendered by provisions of existing law that leave unclear which of two or more federal courts—including courts at both the trial and appellate level—have *subject matter jurisdiction* over certain categories of civil actions ... [This section] adds a new chapter to title 28 that would authorize the court in which a case is improperly filed to transfer it to a court where *subject matter jurisdiction* is proper.

S.Rep. No. 97–275 at 11 (1987), *reprinted in* 1982 U.S.C.C.A.N. 11, 21, 40 (emphasis added). As Congress specifically intended that section 1631 apply only to cases where a court lacks subject matter jurisdiction, this Court therefore rules that transfer under section 1631 is improper when a court lacks personal jurisdiction. Accordingly, this Court will not transfer this case under section 1631.

### B. 28 U.S.C. § 1406(a)

Having declined to transfer under section 1631, this Court moves on to Pedzewick's alternative ground for transfer, 28 U.S.C. § 1406(a). Section 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Section 1406(a) applies in cases where venue improper.[1] It has also been interpreted to permit transfer for lack of personal jurisdiction. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962); *Lexington Ins. Co. v. City of Phoenix,* Civil Action No. 96–10319–WGY, 1996 WL 463672 at *3 (D.Mass. July 31, 1996). Thus, should this Court deem it in the interest of justice, it may transfer this case under section 1406(a) to the Northern District of Florida.

At the outset, this Court notes that Pedzewick commenced this action on the very last day of the applicable statute of limitations. The governing statute of limitations in this case is Florida's four year statute for personal injury actions.[2] *See* Fla. Stat. ch. 95.11(3)(a); *see also New England Tel. & Tel. Co. v. Gourdeau Constr. Co.,* 419 Mass. 658, 664, 647 N.E.2d 42 (1995). Ac-

---

1. There is also one other transfer statute, 28 U.S.C. § 1404(a). Section 1404(a) is a codification of the *forum non conveniens* doctrine and permits transfer only when venue is originally proper.

2. The Defendants continue to argue that the Massachusetts statute of limitations applies. In their memorandum, the Defendants cite *Lareau v. Page,* 39 F.3d 384, 387–388 (1st Cir.1994), for the proposition that a "federal court sitting in Massachusetts will apply the Massachusetts statute of limitations in deciding a case based on diversity of citizenship." Defendants' Memorandum on Statute of Limitations and Transfer Pursuant to Sec. 1631 at 1. Respectfully, the Defendant not only misstate the meaning of *Lareau,* they also seem to misunderstand the *Erie* doctrine. As a federal court sitting in diversity, this Court must apply Massachusetts law in this case. *Erie Ry. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). That law, however, includes Massachusetts choice of law principles. Under Massachusetts choice of law, the Florida statute of limitations applies. *See New England Tel.,* 419 Mass. at 664, 647 N.E.2d 42.

cording to the Complaint, the accident occurred on June 30, 1992. The action was filed on July 1, 1996—four years and one day after the accident. Under Florida law, this action was nevertheless timely because the last day of the four year limitation period fell on a Sunday. *See Moorey v. Eytchison & Hoppes, Inc.*, 338 So.2d 558, 559 (Fla.Dist.Ct. App.1976) ("Where the last day of a limitation period falls on a Saturday, Sunday or legal holiday the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.") (citation omitted); *see also Thorney v. Clough*, 438 So.2d 985, 986 (Fla.Dist.Ct.App.1983).[3]

■ Although Pedzewick commenced this action within the statute of limitations, this Court is troubled by the fact that Pedzewick filed on the very last day, in a court that—by no stretch of the imagination—could even arguably exercise personal jurisdiction over these Defendants. This Court recognizes that Congress intended section 1406(a) to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr*, 369 U.S. at 466–67, 82 S.Ct. at 916. Nevertheless, this Court concludes that transfer in this case would result in an abuse of the judicial system. The transfer statutes were not intended to give plaintiffs an end run around the rules of personal jurisdiction and venue, but rather were intended to facilitate fairness and result in greater convenience to litigants. *See id.* Fairness and convenience are not furthered by allowing a party purposefully to file in the wrong court, thereby holding open the statute of limitations indefinitely.

Statutes of limitations serve a very useful purpose.

Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until

evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.

*Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965) (quoting *Order of R.R. Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 [1944] ) (internal citations omitted). This Court must thus safeguard the finality ensured by the Florida statute of limitations while also furthering the goals of section 1406(a).

Striking the proper balance here is facilitated by the requirement that transfer is available under section 1406(a) only when it is in the interest of justice. In the context of personal jurisdiction, the interest of justice—at the very least—must mean that the plaintiff made a good faith mistake in believing that the court in which the action was filed had personal jurisdiction over the defendants. *See Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir.1993) ("a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court … simply to transfer [the] action to the proper court …."); *Spar, Inc. v. Information Resources Inc.*, 956 F.2d 392, 394–95 (2d Cir.1992) (court denied transfer under section 1406 because it could not "conclude that justice requires that plaintiffs should be spared the consequences of their own failure to pursue their claim and to research whether their cause of action was time barred …"); *see also Cote v. Wadel*,

---

**3.** Pedzewick argues that this Court should apply Fla. R. Civ. P. 1.090(a) which states that "In computing any period of time proscribed or allowed … by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." Although this Court recognizes that a Massachusetts court would undoubtedly apply the substantive law of Florida, including its statute of limitations, it is not clear whether a Massachusetts court would also apply a Florida rule of procedure. This Court need not decide this issue, however, because the substantive law of Florida resolves the question.

796 F.2d 981, 985 (7th Cir.1986); *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523 (9th Cir.1983), *cert. denied* 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984). As the Supreme Court stated in *Goldlawr,*

> If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of [section] 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as "time-consuming and justice-defeating technicalities."

*Goldlawr,* 369 U.S. at 467, 82 S.Ct. at 916 (citing *Internatio–Rotterdam, Inc. v. Thomsen,* 218 F.2d 514, 517 [4th Cir.1955]). The negative implication of the Goldlawr Court's conclusion is that a court ought deny transfer when a plaintiff fails to exercise proper diligence or does not act in good faith in deciding where to file suit. *See Nichols,* 991 F.2d at 1201.

In this case, Pedzewick did not have a good faith belief that the Defendants were subject to personal jurisdiction in this Court. This is a Florida accident involving Georgia defendants. The only nexus to Massachusetts is Pedzewick. This Court finds nothing in the record to infer that Pedzewick could reasonably have believed that this Court had personal jurisdiction over the Defendants. Pedzewick should not benefit from her lack of diligence just because she filed her case in **some** court on the last day of the statute of limitations.

This Court "remind[s] plaintiff[ ] and [her] counsel that they must determine where [they] can get personal jurisdiction over the defendant[s] before, not after, the statute of limitations runs; otherwise they court disaster." *Cote,* 796 F.2d at 985. The failure timely to determine where the Defendants were subject to personal jurisdiction in this case leads this Court to conclude that transfer is not in the interest of justice. As Judge Posner stated in *Cote:*

> If the result in the present case seems harsh, that is because the costs to [the plaintiff] are palpable while the benefits

largely invisible. But the benefits are not trivial; litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction.

*Id.*

### III. *Conclusion*

For the forgoing reasons, this Court hereby **DENIES** the motion to transfer and orders this case **DISMISSED** with prejudice for lack of personal jurisdiction.