James ALBION, Plaintiff, Appellant,

v.

YMCA CAMP LETTS, Defendant, Appellee.

No. 98–1667.

United States Court of Appeals, First Circuit.

Heard Jan. 8, 1999.

Decided March 19, 1999.

Paul L. Lees, with whom Orlando & Associates was on brief, for appellant.

Jeffrey B. Loeb, with whom Ardiff & Morse P.C. was on brief, for appellee.

Before TORRUELLA, Chief Judge, ALDRICH and CUDAHY,* Senior Circuit Judges.

TORRUELLA, Chief Judge.

Plaintiff-appellant James Albion brought this action in the United States District Court for the District of Massachusetts against YMCA Camp Letts ("Camp Letts") to recover for injuries allegedly sustained by him while he was employed by Camp Letts at its location in Edgewater, Maryland. In response, defendant filed a motion to dismiss for lack of personal jurisdiction. On May 6, 1998, the district court issued a Memorandum and Order granting defendant's motion. Conceding that personal jurisdiction does not lie in Massachusetts, Albion now requests this court to transfer his case to the District Court for the District of Maryland.

* Of the Seventh Circuit, sitting by designation.

We affirm the district court's order of dismissal and decline plaintiff's transfer request.

## I. Background

Albion was hired by Camp Letts to work as a sailing instructor during the summer of 1994 at the camp's Edgewater, Maryland location. On or about August 13, 1994, Albion engaged in a demonstration for the campers on a boat owned by Camp Letts. While performing this demonstration, Albion fell and allegedly suffered injuries.

On July 29, 1997—just two days before the statute of limitations was to expire—Albion brought suit under: (1) the Jones Act, 46 U.S.C.App. § 688; and (2) the General Maritime Law. At the time of the filing of the complaint, Albion was a resident of Massachusetts. As both the complaint and the civil cover sheet indicate, Camp Letts is a Maryland corporation with its principal place of business in Edgewater, Maryland. Camp Letts has no offices in Massachusetts, does not own property in Massachusetts, and does not transact business in Massachusetts. Albion requests that this court transfer his case to the federal District Court for the District of Maryland.

## II. Discussion

In his opposition to defendant's motion to dismiss, Albion argued that: (1) because Camp Letts is a federally chartered corporation, it is subject to personal jurisdiction in Massachusetts; and (2) even if personal jurisdiction fails, the case should be transferred to the District Court for the District

of Maryland pursuant to 28 U.S.C. § 1404(a). At oral argument before this court, Albion abandoned his personal jurisdiction argument and requested only that this court transfer his case to the federal District Court in Maryland. Accordingly, we address only the transfer issue.

### 1. Section 1404(a)

Section 1404(a) is a codification of the doctrine of forum non conveniens. *See Pedzewick v. Foe*, 963 F.Supp. 48, 50 n. 1 (D.Mass.1997).[1] As the Supreme Court has stated, "the doctrine of forum non conveniens can never apply if there is absence of jurisdiction or mistake of venue." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Given that Albion conceded the lack of personal jurisdiction over the defendant at oral argument, transfer under § 1404(a) is clearly inappropriate. *See id.*

### 2. Section 1406(a)

Alternatively, plaintiff seeks transfer under 28 U.S.C. § 1406(a).[2] Plaintiff first raised § 1406(a) as a ground for transfer at oral argument. Neither his opposition to defendant's motion to dismiss nor his appellate brief discusses or even cites this transfer provision. This alternative ground was not fairly presented to the district court and is thus waived. *See Sammartano v. Palmas Del Mar Properties, Inc.*, 161 F.3d 96, 97 (1st Cir.1998) (finding theory not squarely raised before the district court to be waived). Defendant's motion to dismiss put plaintiff on notice that both venue and personal jurisdiction were at issue in this case. Plaintiff

---

1. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Commentary to section 1404 states: "Section 1404 of Title 28 is the change of venue section. It presupposes that the action has been brought in a proper venue but authorizes its transfer to another district, also proper, but also more suited to the convenience of witnesses and the needs of

justice." Commentary on 1996 Amendment of Section 1404.

2. Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

had ample opportunity to raise his § 1406(a) argument in the court below. His failure in this regard now precludes appellate review.[3]

## III. Conclusion

For the reasons stated above, we **affirm** the district court's order dismissing plaintiff's complaint for lack of personal jurisdiction and decline to transfer the case to the District Court for the District of Maryland.

---

**3.** There is one other transfer statute: 28 U.S.C. § 1631, transfer to cure want of jurisdiction. However, plaintiff has not requested transfer pursuant to § 1631 in either his opposition to defendant's motion to dismiss or in his appellate brief. Therefore, we do not address the applicability of this third transfer provision.