**In re Tina PICKERAL, Debtor.**

No. 00–01813.

United States Bankruptcy Court,
District of Columbia.

Jan. 25, 2001.

Cynthia A. Niklas, Chapter 13 Trustee, Washington, DC.

Kevin D. Judd, Washington, DC, for debtor.

Tina Calista Pickeral, Clinton, MD.

*DECISION RE DEBTOR'S MOTION TO CHANGE VENUE AND TRUSTEE'S MOTION TO DISMISS*

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The debtor filed a motion to change venue pursuant to 28 U.S.C. § 1412.[1] The trustee opposed that motion and filed a

---

1.  28 U.S.C. § 1412 provides:
    A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

motion to dismiss with prejudice. The court announced at a hearing of January 19, 2001, that it was denying the motion to change venue because the debtor knowingly filed the petition in a wrong venue, and that the court was, instead, dismissing the case. The debtor procured a stay of a foreclosure sale by filing the petition, 11 minutes before the foreclosure sale, in a venue she did not in good faith believe was a proper venue. Based on that bad faith, the dismissal has been made with prejudice for 180 days. This decision amplifies the grounds for the ruling.

## I

The court bases its decision on the debtor's proffer of facts and the record in this case. The debtor filed her petition to stop a foreclosure sale and cure the mortgage arrears under a plan. She was delayed in getting to her counsel's office to sign the petition. She signed her petition at 9:50 a.m. on October 6, 2000, but the foreclosure sale was set for 10:12 a.m. on the same morning. Her counsel did not want to take the risk of attempting to drive to Greenbelt, Maryland, and possibly being too late to file the petition before the foreclosure sale was completed. Had the petition not been filed before the foreclo-

sure sale was held, the debtor would have been unable to cure her mortgage arrears under a chapter 13 plan. *Homeside Lending, Inc. v. Denny (In re Denny)*, 242 B.R. 593, 596 (Bankr.D.Md.1999). So her counsel filed the petition in this district at 10:01 a.m. before the foreclosure sale time of 10:12 a.m.[2]

The debtor filed a motion to change venue on October 18, 2000, twelve days after the filing of the petition. This has added to the length that the case has been pending in this district.

As matters developed, the clerk did not transmit the motion to change venue to chambers for the court to address until after November 6, 2000, the date set for the meeting of creditors. The clerk may have delayed transmittal because the motion was not accompanied by a notice under LBR 9013–1(a) of the 14–day deadline for responding to the motion to change venue. The debtor's counsel failed to avail himself of the right under LBR 5070–1(b) to file a red-paper Praecipe Re Emergency Matter to request a ruling on the motion prior to the meeting of creditors on November 6, 2000, in order to relieve his client and the trustee of the burden of dealing with the meeting of creditors.[3]

---

**2.** The debtor's petition commencing this case was filed in this court on October 6, 2000, and certified that:

> Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

Read in the context of the district in which the petition was filed, this certification was false, and knowingly false: the debtor has not been domiciled or had her residence, principal place of business or principal assets in this district, and she knew that. The petition was knowingly filed in this district instead of in the proper district, the District of Maryland.

The petition, however, was captioned for filing in the United States Bankruptcy Court for the District of Maryland. So the petition as prepared was accurate. Nevertheless, the petition was filed in this district. The debtor is charged with the acts of her counsel. She should not have filed the petition in this district without changing the certification which was inaccurate for purposes of proceeding in this district.

**3.** If the time to respond made it unlikely that the motion to change venue could be ruled upon prior to the meeting of creditors, the debtor could have also filed a motion to shorten the time for a response to the motion to change venue, and in the Rule 9013–1(a) notice could have notified creditors and the

The debtor did not appear at the November 6 meeting of creditors because she felt compelled to attend her first cousin's funeral the morning of the meeting; in any event, her unopposed, but procedurally defective, motion to change venue was pending.

The debtor did not file her plan, schedules, and statement of financial affairs until November 9, 2000, over a month after the filing of the petition. The debtor has filed no motion to enlarge the time to file these papers.[4]

## II

■ The court does not believe that, by itself, the debtor's failure to attend the meeting of creditors is a sufficient ground for dismissal. The debtor had filed a motion to change venue such that the case would either be dismissed or transferred based on the improper venue. If the case were transferred, a new meeting of creditors would be held in the District of Maryland. However, her delay in addressing the question of venue in a timely fashion that would have permitted cancellation of the meeting of creditors in this district supports the court's determination that her intentional invocation of improper venue requires dismissal with prejudice.

## III

Similarly, the court will not base the dismissal on the debtor's failure timely to file her schedules, statement of financial affairs, and plan, that issue not having been addressed at the hearing.

## IV

■ The real issue is whether the court should dismiss this case for lack of proper venue. This was not a filing mistakenly made in a wrong district.

## A.

Although the parties have not cited any decisions, the court finds ample authority to justify dismissal in decisions decided with respect to district court civil actions filed in a wrong venue. The controlling statute, 28 U.S.C. § 1406(a) provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Section 1406(a) applies not only to any case of improper venue, but also where the court lacks personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466–67, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

Section 1412 permits transfers "in the interest of justice or for the convenience of the parties," while § 1406(a) permits a transfer only if the transfer is "in the interest of justice." The debtor might urge that the court ought not follow decisions under § 1406(a) holding that a transfer would not be in the interest of justice because a transfer under § 1412 may be made, alternatively, for the convenience of the parties. The court would reject such a contention.

Section 1412 addresses both transfers of cases or proceedings filed in the wrong district, but also cases filed in a proper venue. It is apparent that § 1412 ad-

trustee that she was seeking a shortening of the response time.

4. That can have serious consequences. *See, e.g., In re Robertson,* 105 B.R. 440, 450

(Bankr.N.D.Ill.1989) (the time to object to claimed exemptions is open-ended until the court grants a motion allowing the late filing of exemptions).

dresses the same venue transfer topics as 28 U.S.C. § 1406(a) (wrong venue) and 28 U.S.C. § 1404(a) (forum non conveniens). The latter statute, § 1404(a), provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Section 1404(a) does not apply when the party opposing transfer demonstrates that venue was improper: in contrast to § 1406(a), " § 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege." *Van Dusen v. Barrack*, 376 U.S. 612, 634, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). *See also Albion v. YMCA Camp Letts*, 171 F.3d 1, 2 (1st Cir.1999); 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3844 n. 11 (1976).

In addressing both topics in § 1412 (transfers in the case of wrong venue and in the case of proper venue), there is no evidence that when a transfer in the case of improper venue would not be in the interest of justice as under § 1406(a), that Congress intended that a § 1412 transfer could nevertheless be made for the convenience of the parties. The court will not assume that Congress would have intended such an untoward result—transferring a case for the convenience of the parties even though it would not be in the interest of justice.

■ Because § 1412 is discretionary, providing that the court "may" transfer the case, the court concludes that the court properly may decline to transfer venue when the transfer would not be in the interest of justice even if a transfer, in theory, might be for the convenience of the parties.

In any event, the court fails to see how a transfer here would be for the convenience of the parties when the debtor's mortgagee has been damaged by the delay engendered by the debtor's wrongful filing.

### B.

■ The courts should not transfer venue when a case is intentionally filed in a wrong district. *See Dubin v. United States*, 380 F.2d 813, 816 n. 5 (5th Cir. 1967) (it is not "in the interest of justice" to aid a nondiligent plaintiff who knowingly files a case in the wrong district by transferring the case under 28 U.S.C. § 1406(a) rather than dismissing it).

This case is analogous to *Pedzewick v. Foe*, 963 F.Supp. 48 (D.Mass.1997), in which the plaintiff, on the last day before expiration of the statute of limitations, filed her complaint in the District of Massachusetts, a venue that was plainly a wrong venue (because of lack of jurisdiction over the defendant, a Florida resident). The court addressed whether transfer was appropriate under 28 U.S.C. § 1406(a), stating:

> Although Pedzewick commenced this action within the statute of limitations, this Court is troubled by the fact that Pedzewick filed on the very last day, in a court that—by no stretch of the imagination—could even arguably exercise personal jurisdiction over these Defendants. This Court recognizes that Congress intended section 1406(a) to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr*, 369 U.S. at 466–67, 82 S.Ct. at 916. Nevertheless, this Court concludes that **transfer in this case would result in an abuse of the judicial system.** The transfer statutes were not intended to give plaintiffs an end run around the rules of personal jurisdiction and venue, but rather were intended to facilitate fairness and result in greater

convenience to litigants. *See id.* **Fairness and convenience are not furthered by allowing a party purposefully to file in the wrong court, thereby holding open the statute of limitations indefinitely.**

*Pedzewick,* 963 F.Supp. at 51 (emphasis added). The court in *Pedzewick* then observed:

Striking the proper balance here is facilitated by the requirement that transfer is available under section 1406(a) only when it is in the interest of justice. In the context of personal jurisdiction, **the interest of justice—at the very least— must mean that the plaintiff made a good faith mistake** in believing that the court in which the action was filed had personal jurisdiction over the defendants. . . . [A] **court ought deny transfer when a plaintiff fails to exercise proper diligence or does not act in good faith in deciding where to file suit.** In this case, Pedzewick did not have a good faith belief that the Defendants were subject to personal jurisdiction in this Court. This is a Florida accident involving Georgia defendants. The only nexus to Massachusetts is Pedzewick. This Court finds nothing in the record to infer that Pedzewick could reasonably have believed that this Court had personal jurisdiction over the Defendants. **Pedzewick should not benefit from her lack of diligence just because she filed her case in some court on the last day of the statute of limitations.**

*Pedzewick,* 963 F.Supp. at 51–52 (emphasis added and citations omitted).[5]

As *Pedzewick* notes, even when a complaint is not deliberately filed in the wrong venue, a district court nevertheless need not transfer a civil action filed in a district in which the court lacked personal jurisdiction over the defendant if the misfiling resulted from a mistake based on a lack of diligence, and this is so even if the statute of limitations would bar refiling in the proper court. *See Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1201 (4th Cir.1993); *Spar, Inc. v. Information Resources Inc.,* 956 F.2d 392, 394–95 (2d Cir.1992); *Deleski v. Raymark Indus., Inc.,* 819 F.2d 377, 381 (3d Cir.1987); *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir.1986); *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523 (9th Cir. 1983), *cert. denied,* 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984). *See also Hapaniewski v. City of Chicago Heights,* 883 F.2d 576 (7th Cir.1989); *Saylor v. Dyniewski,* 836 F.2d 341, 345 (7th Cir. 1988). Because this filing was deliberately filed in a wrong venue, not just recklessly filed in the wrong venue, denying a transfer is all that more in the interest of justice.

## V

The court next addresses whether the dismissal should be with prejudice for 180 days. The debtor filed the case to obtain an automatic stay against an imminent foreclosure sale, after the debtor had acted too late safely to file the petition in the proper district before the foreclosure sale occurred. The debtor requests the court to permit her to file anew and obtain,

---

**5.** *See also Biby v. Kansas City Life Ins. Co.,* 629 F.2d 1289, 1294 (8th Cir.1980) (*Goldlawr* does not "constitute a license for the sort of procedural ploy engaged in by appellants in this case" when they filed their complaint without "[s]ome measure of good faith expectation of proceeding in the court in which the complaint is filed"). As discussed in *Skilling*

*v. Funk Aircraft Co.,* 173 F.Supp. 939, 941–42 (W.D.Mo.1959), *quoting Jones v. Radio Corp. of America,* 129 F.Supp. 440, 441 (S.D.N.Y. 1955), legislative history reveals that § 1406(a) was specifically amended to permit dismissal in order to guard against the abuse of a plaintiff deliberately filing in a wrong district.

again, an automatic stay against foreclosure, after deliberately filing in the wrong venue because of her own dilatoriness.

Although generally a dismissal of a civil action for lack of proper venue is without prejudice, this bankruptcy case is different. Unlike a civil action seeking an injunction, in which injunctive relief is ordinarily obtained only after a hearing, bankruptcy cases are different. Under 11 U.S.C. § 362(a), the filing of the petition itself gave rise to an automatic stay barring the creditor from pursuing a foreclosure sale. Here, the debtor deliberately filed in the wrong venue when the debtor feared that she had insufficient time to file in the proper district before the foreclosure sale was scheduled to occur. Obtaining that automatic stay was knowingly wrongful, and a dismissal without prejudice would let the debtor have the fruits of her wrongful conduct.

The debtor, in other words, seeks to have the improper filing in this court used as a mere holding action to prevent the creditor from foreclosing until this case is dismissed and the debtor can then safely file anew in the proper district to obtain a new automatic stay against any effort to renew the foreclosure sale. The court cannot countenance the processes of this court being abused in that fashion.

Moreover, permitting the debtor to file a new case after dismissal of this case would subject the creditor to unreasonable delay in the resolution of its rights in a case under chapter 13 of the Bankruptcy Code. A plan could not be confirmed until the debtor files her new case. That would occur more than three months after the filing of this case. This delay is attributable not only to her deliberately filing in the wrong venue, but as well to her dragging her feet once she was in the wrong venue.

The court will not allow the debtor to avoid the consequences of her dilatoriness.

But for the deliberate filing of this case in a wrong venue, the foreclosure sale would likely have been completed. To prevent foreclosure she had an obligation to file her petition before the scheduled time of the foreclosure sale and in a district in which she in good faith believed venue existed. This she failed to do. Cause therefore exists to dismiss this case with prejudice for 180 days.

Dismissal with prejudice for 180 days means that the debtor's property will likely go to foreclosure before she can file anew. This is, indeed, a substantial penalty for her mistake of not signing her petition in time to assure that she could file the petition in the proper venue before the originally scheduled foreclosure sale was held. But this is outweighed by the need to assure that a filing in this court is not improperly used as a mere holding action, and to assure that the creditor's rights under the Bankruptcy Code, once the foreclosure was stayed, are not delayed by the debtor's lack of diligence. To paraphrase *Cote*:

> We ... remind [debtors] and their counsel that they must [take steps to assure that the debtor is able to file the petition in the proper venue] before, not after, the [foreclosure sale is scheduled to be held]; otherwise they court disaster. If the result in the present case seems harsh, that is because the costs to [the debtors] are palpable while the benefits are largely invisible. But the benefits are not trivial; litigants and the public will benefit substantially in the long run from better compliance with the rules limiting [venue].

*Cote*, 796 F.2d at 985 (citation omitted).

In accordance with the foregoing, a separate order of dismissal has been entered.