Mangosoft v. Oracle                      CV-02-545-M    04/09/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Mangosoft, Inc. and
Mangosoft Corporation,
     Plaintiffs

     v.                                  Civil No. 02-545-M
                                         Opinion No. 2003 DNH 061
Oracle Corporation,
     Defendants


                         **O R D E R**


     Mangosoft, Inc. and its wholly owned subsidiary, Mangosoft
Corporation, (collectively "Mangosoft") have sued Oracle
Corporation ("Oracle") in two counts, asserting two claims of
patent infringement.  Oracle has counterclaimed for a declaratory
judgement that the two patents-in-suit are invalid,
unenforceable, and not infringed.  Before the court is Oracle's
Motion to Transfer Action (document no. 7) to which Mangosoft
objects.  For the reasons given below, Oracle's motion to
transfer is denied.


     Both Mangosoft entities are foreign corporations with their
principal place of business in Nashua, New Hampshire.  Oracle is
also a foreign corporation.  It has a regular and established

place of business in New Hampshire, but its principal place of business is in Redwood Shores, California. Oracle moves to transfer this case to the Northern District of California, on grounds that Redwood Shores is the "center of gravity" of the events giving rise to this action and that Mangosoft has at best a tenuous connection to New Hampshire. Oracle further argues that patent infringement actions are particularly appropriate for transfer to the home district of the alleged infringer, owing to the concentration of witnesses and documents in the alleged infringer's home district as well as the general paucity of such sources of proof in the home district of the plaintiff. Mangosoft objects, on grounds that Oracle's focus on "center of gravity" distorts the appropriate multi-factor analysis, which favors litigation in this district. The court agrees.

"[A] district court may transfer any civil action to any other district or division where it might have been brought," in the interests of justice, and if a transfer would prove more convenient for parties and witnesses. 28 U.S.C. § 1404(a). But, "[t]he burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice

of forum." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). Finally, whether to transfer an action for convenience is a matter within the sound discretion of the trial court. Coady, 223 F.3d at 11 (citing Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)).

There is no doubt that Mangosoft could have brought this suit in the Northern District of California. However, Oracle has not met its heavy burden to show that a transfer to that district is warranted.

Transfers are for "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). While that standard has remained relatively undeveloped in the First Circuit, other courts and commentators have clarified it. When discussing the doctrine of forum non conveniens, the common law precursor of § 1404(a), see Albion v. YMCA Camp Letts, 171 F.3d 1, 1 (1st Cir. 1999) (citing Pedzewick v. Foe, 963 F. Supp. 48, 50 n.1 (D. Mass. 1997)), the Supreme Court explained that

> [i]mportant considerations [in deciding whether to
> transfer a case to another district] are the relative
> ease of access to sources of proof; availability of
> compulsory process for attendance of unwilling, and the
> cost of obtaining attendance of willing, witnesses;
> possibility of view of premises, if view would be
> appropriate to the action; and all other practical
> problems that make trial of a case easy, expeditious
> and inexpensive.

Gulf Oil, 330 U.S. at 508; see also 17 JAMES WM. MOORE ET AL., MOORE'S

FEDERAL PRACTICE § 111.13[1] (3d ed. 2000) (listing fourteen

factors that courts should consider when deciding whether to

grant convenience transfer).  As the Supreme Court summarized,

"[t]he court will weigh relative advantages and obstacles to fair

trial."  Gulf Oil, 330 U.S. at 508.


Here, there are factors that weigh in favor of each

possible forum.  On balance, however, and in light of the weight

that must be accorded to plaintiff's choice of forum, the court

declines to transfer this case.  While there may well be

important witnesses in California, Mangosoft has identified a

number of plausible potential witnesses subject to the subpoena

power of this court.  Thus, the factor of witness convenience

does not weigh all that strongly in favor of Oracle.

Furthermore, Oracle is a large company with a substantial

4

presence in New Hampshire.  Even if that presence is not directly related to the design or manufacture of the accused devices, the fact remains that Oracle's presence in New Hampshire will make it easier for Oracle to litigate in New Hampshire than it would be for Mangosoft to litigate in the Northern District of California, given Mangosoft's small size and complete lack of presence in that district.  The interests of justice would not be served by upsetting Mangosoft's choice of forum under the circumstances presented.

Accordingly, Oracle's Motion to Transfer Action (document no. 7) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 9, 2003

cc:  Alexander J. Walker, Esq.
     Paul J. Hayes, Esq.
     Martha Van Oot, Esq.
     Dorian Daley, Esq.
     Matthew D. Powers, Esq.

5