USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 98-1667

 JAMES ALBION,

 Plaintiff, Appellant,

 v.

 YMCA CAMP LETTS,

 Defendant, Appellee.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,

Aldrich and Cudahy, Senior Circuit Judges.

 _____________________

 Paul L. Lees, with whom Orlando & Associates was on brief, for
appellant.
 Jeffrey B. Loeb, with whom Ardiff & Morse P.C. was on brief,
for appellee.

 ____________________

 March 19, 1999
 ____________________ TORRUELLA, Chief Judge. Plaintiff-appellant James Albion
brought this action in the United States District Court for the
District of Massachusetts against YMCA Camp Letts ("Camp Letts") to
recover for injuries allegedly sustained by him while he was
employed by Camp Letts at its location in Edgewater, Maryland. In
response, defendant filed a motion to dismiss for lack of personal
jurisdiction. On May 6, 1998, the district court issued a
Memorandum and Order granting defendant's motion. Conceding that
personal jurisdiction does not lie in Massachusetts, Albion now
requests this court to transfer his case to the District Court for
the District of Maryland. We affirm the district court's order of
dismissal and decline plaintiff's transfer request.
I. Background
 Albion was hired by Camp Letts to work as a sailing
instructor during the summer of 1994 at the camp's Edgewater,
Maryland location. On or about August 13, 1994, Albion engaged in
a demonstration for the campers on a boat owned by Camp Letts. 
While performing this demonstration, Albion fell and allegedly
suffered injuries.
 On July 29, 1997 -- just two days before the statute of
limitations was to expire -- Albion brought suit under: (1) the
Jones Act, 46 U.S.C. 688; and (2) the General Maritime Law. At
the time of the filing of the complaint, Albion was a resident of
Massachusetts. As both the complaint and the civil cover sheet
indicate, Camp Letts is a Maryland corporation with its principal
place of business in Edgewater, Maryland. Camp Letts has no
offices in Massachusetts, does not own property in Massachusetts,
and does not transact business in Massachusetts. Albion requests
that this court transfer his case to the federal District Court for
the District of Maryland.
II. Discussion
 In his opposition to defendant's motion to dismiss,
Albion argued that: (1) because Camp Letts is a federally chartered
corporation, it is subject to personal jurisdiction in
Massachusetts; and (2) even if personal jurisdiction fails, the
case should be transferred to the District Court for the District
of Maryland pursuant to 28 U.S.C. 1404(a). At oral argument
before this court, Albion abandoned his personal jurisdiction
argument and requested only that this court transfer his case to
the federal District Court in Maryland. Accordingly, we address
only the transfer issue.
 1. Section 1404(a)
 Section 1404(a) is a codification of the doctrine of
forum non conveniens. See Pedzewick v. Foe, 963 F. Supp. 48, 50
n.1 (D. Mass 1997). As the Supreme Court has stated, "the
doctrine of forum non conveniens can never apply if there is
absence of jurisdiction or mistake of venue." Gulf Oil Corp. v.
Gilbert, 330 U.S. 501, 504 (1947). Given that Albion conceded the
lack of personal jurisdiction over the defendant at oral argument,
transfer under 1404(a) is clearly inappropriate. See id. 
 2. Section 1406(a)
 Alternatively, plaintiff seeks transfer under 28 U.S.C.
 1406(a). Plaintiff first raised 1406(a) as a ground for
transfer at oral argument. Neither his opposition to defendant's
motion to dismiss nor his appellate brief discusses or even cites
this transfer provision. This alternative ground was not fairly
presented to the district court and is thus waived. See Sammartanov. Palmas Del Mar Properties, Inc., 161 F.3d 96, 97 (1st Cir. 1998)
(finding theory not squarely raised before the district court to be
waived). Defendant's motion to dismiss put plaintiff on notice
that both venue and personal jurisdiction were at issue in this
case. Plaintiff had ample opportunity to raise his 1406(a)
argument in the court below. His failure in this regard now
precludes appellate review. Section 1631 III. Conclusion
 For the reasons stated above, we affirm the district
court's order dismissing plaintiff's complaint for lack of personal
jurisdiction and decline to transfer the case to the District Court
for the District of Maryland.