# United States Court of Appeals
## For the First Circuit

No. 15-1553

PERFECT PUPPY, INC.,

Plaintiff, Appellant,

v.

CITY OF EAST PROVIDENCE, RHODE ISLAND,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
[Hon. William E. Smith, U.S. District Judge]

Before
Howard, Chief Judge,
Selya and Thompson, Circuit Judges.

J. David Breemer, with whom Pacific Legal Foundation, Lesley S. Rich, and Rich Law Associates, were on brief for appellant.
    Marc DeSisto, with whom Kathleen M. Daniels, DESISTO LAW, and Timothy J. Chapman, City Solicitor, City of East Providence, were on brief, for appellee.
    Michael G. Bongiorno, Ian Coghill, and Wilmer Cutler Pickering Hale and Dorr LLP on brief for The Humane Society of the United States, amicus curiae.

December 8, 2015

**THOMPSON**, <u>Circuit Judge</u>.

### Prologue

We write today about a suit started in state court and removed to federal court. As relevant here, Perfect Puppy, Inc. (our plaintiff) believes it has a rock-solid facial- and as-applied-takings claim against the City of East Providence (our defendant) based on a city ordinance banning dog and cat sales.[1] A district judge, though, gave any supposed facial claim the boot on summary judgment for lack of development and remanded the as-applied claim to state court for lack of subject-matter jurisdiction. An unhappy Perfect Puppy appeals. But we see no error with the judge's facial-takings ruling and have no jurisdiction over the judge's remand order — a dual appraisal that leads us to affirm in part and dismiss in part. We will explain our thinking shortly. First, some background.

---

[1] For anyone not in the know: A facial-takings challenge involves a claim that the ordinance's mere enactment amounts to a taking by "'den[ying] an owner economically viable use'" of his property. <u>Hodel</u> v. <u>Va. Surface Mining & Reclamation Ass'n, Inc.</u>, 452 U.S. 264, 295-96 (1981) (quoting <u>Agins</u> v. <u>Tiburon</u>, 447 U.S. 255, 260 (1980)). An as-applied-takings challenge, contrastingly, involves a claim that an ordinance's impact "on a specific piece of property requires the payment of just compensation." <u>Keystone Bituminous Coal Ass'n</u> v. <u>DeBenedictis</u>, 480 U.S. 470, 494 (1987).

## How the Case Got Here

2014 was certainly a whirlwind year for Perfect Puppy. On April 26, Perfect Puppy signed a lease to use an East Providence building for a "Puppy Sales store" (a quote from the lease), which is the only use permitted by the lease. About a month later, though, on May 20, the East Providence city council introduced and preliminarily passed an ordinance banning dog and cat sales — we say "preliminarily" because the ordinance required a second passage to become effective. The next day, May 21, Perfect Puppy both received a state "PET SHOP" license (a quote from the license) and opened its doors for business. But whatever excitement its owners must have felt quickly vanished after the city council formally passed the ordinance on June 3.

Not willing to take this lying down, Perfect Puppy sued East Providence in state court, claiming (among other things) that the ordinance infracts the equal-protection and due-process clauses of the state and federal Constitutions and the commerce clause of the federal Constitution. East Providence removed the case to federal court on federal-question grounds. See 28 U.S.C. §§ 1441(a), 1331. Perfect Puppy then amended its complaint to add a claim that the ordinance so constricted its property rights as to constitute a regulatory taking, requiring just compensation under the takings clauses of the state and federal Constitutions.

The parties eventually cross-moved for summary judgment on stipulated facts. After denying Perfect Puppy's motion, the district judge granted East Providence summary judgment on all claims except the takings claim. As for any possible facial-takings challenge, the judge concluded that Perfect Puppy had not developed one: Perfect Puppy's passing comment in a fairly lengthy summary-judgment memo — that it "would . . . argue that this taking was categorical in nature, and [Perfect Puppy] should be per se compensated" (a statement which for simplicity's sake we will call the single-sentence comment) — was not enough to conclude otherwise. Taking a belt-and-suspenders approach, the judge also wrote that "[i]nsofar as" Perfect Puppy's single-sentence comment "constitutes a facial taking claim, it . . . would fail here because [Perfect Puppy] has not demonstrated that the enactment of the ordinance categorically deprives its property of any economically viable use." And noting that Perfect Puppy had not asked the state for compensation, the judge deemed the as-applied challenge unripe and so remanded the suit to state court for lack of subject-matter jurisdiction.

Which brings us to today, with Perfect Puppy contesting only the judge's handling of the takings claim by attacking his analysis on multiple fronts.

- 4 -

## Facial Takings

Perfect Puppy spends a good deal of time (both orally and in writing) trying to convince us that it actually asserted a facial-takings claim below. Color us unconvinced. As the district judge correctly suggested, Perfect Puppy's single-sentence comment — i.e., that it "would . . . argue that this taking was categorical in nature, and [Perfect Puppy] should be per se compensated" — hardly suffices, given how Perfect Puppy fleetingly floated the idea below without any analysis or citation. If this is not perfunctory treatment, we do not know what is. And we have long made clear that judges need not entertain such ill-developed arguments. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding that "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work"); see also Town of Norwood v. Fed. Energy Regulatory Comm'n, 202 F.3d 392, 405 (1st Cir. 2000) (stressing that "developing a sustained argument out of . . . legal precedents" is the parties' job, not the court's); Sammartano v. Palmas del Mar Props., Inc., 161 F.3d 96, 97 (1st Cir. 1998) (explaining "our well-established rule that arguments may not be raised for the first time on appeal"); United States v. Slade, 980 F.2d 27, 31 (1st Cir. 1992) (emphasizing that "a party is not at liberty to articulate specific arguments for the first time on

appeal simply because the general issue was before the district court").

Seeking a way around the problem, Perfect Puppy talks up cases — e.g., United States v. Williams, 504 U.S. 36, 43-44 (1992) — saying that reviewing courts can review an issue not pressed below if the lower court expressly decided the issue anyway. That is pretty much our situation, Perfect Puppy basically says, given how the judge did write that "[i]nsofar as" Perfect Puppy's single-sentence comment might somehow constitute a facial-takings challenge, it would not get off the ground. We see it differently, however: The judge's "insofar as" lingo is a pretty big tip-off that he did not explicitly decide that Perfect Puppy had indeed made a facial-takings claim. Actually — and at the risk of repeating ourselves — the judge found the opposite. And it strains belief to conclude — as Perfect Puppy has — that the judge then opted to take a claim he did not espy and resolve it on the merits. Needless to say, Perfect Puppy's maneuvering does not do the trick.

In something of a last gasp, Perfect Puppy argues that it "necessarily raise[d] a facial takings claim" because its amended complaint asked for declaratory relief. This seems like a mischaracterization — after all, Perfect Puppy asked for declaratory relief in the takings count's heading, but not in that count's allegations or prayer-for-relief sections. Even putting

all that aside, though, we know that a litigant can ask for declaratory relief as part of an as-applied-takings challenge too. See, e.g., García-Rubiera v. Calderón, 570 F.3d 443, 453 (1st Cir. 2009). Obviously, then, simply asking for declaratory relief somewhere in the complaint does not mean that a party has brought a facial challenge.

Enough said on that subject.

**As-Applied Takings**

Perfect Puppy asks us to review and reverse the judge's decision characterizing the as-applied-takings claim as unripe (because Perfect Puppy did not exhaust state remedies) and remanding the remainder of the case to state court on this ground. Unfortunately for Perfect Puppy, the insuperable obstacle to doing so is that we lack appellate jurisdiction.

<u>Summarizing the Law</u>

28 U.S.C. § 1447(d) provides (with exceptions not relevant here) that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[2] Despite the straightforwardness of its language

---

[2] Section 1447(d) reads in full:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or

- 7 -

(banning review by appeal or by any other means dreamt up by imaginative counsel), section 1447(d), our judicial superiors tell us, affects only remands under 28 U.S.C. § 1447(c) — a statute that says (among other things) that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[3]  See, e.g., Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229 (2007) (noting that Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976), held that courts must read section 1447(d) in conjunction with section 1447(c)[4]).  So, not to put too fine a

_____

1443 of this title shall be reviewable by appeal or otherwise.

[3] The complete quote is:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

[4] Regarding Thermtron's holding — that circuit courts can review cases remanded on grounds having nothing to do with section 1447(c), despite section 1447(d) — not every Justice has been a fan.  See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 642 (2009) (Stevens, J., concurring); id. at 642-43 (Scalia, J., concurring); see also Osborn v. Haley, 549 U.S. 225, 263-64 (2007) (Scalia, J., joined by Thomas, J., dissenting); see also Townsquare Media, Inc. v. Brill, 652 F.3d 767, 772-73 (7th Cir. 2011)

point on it, this means (at least for our purposes) that section 1447(d) definitely bars appellate review of remand orders based on lack of subject-matter jurisdiction.

As for why section 1447(d) is on the books, we know that Congress passed this proviso to curb the delay caused by interlocutory review of orders shifting cases from federal to state courts — review that does nothing to resolve the cases on the merits, by the way. See, e.g., Kircher v. Putnam Funds Trust, 547 U.S. 633, 640 (2006). Consistent with that objective and "assuming" section 1447(d) lets us peek behind the judge's declared reason for the remand, we look only to see whether his "characterization of" the remand as being covered by section 1447(c) is "colorable" — i.e., that the "legal ground" for the no-subject-matter-jurisdiction conclusion is "plausible" or "debatable." See Powerex Corp., 551 U.S. at 233-34. And if it is, the order is not reviewable, even if the judge's determination is wrong. See id. (explaining that "[l]engthy appellate disputes

_____

(indicating that "the Justices have qualms about the rule," because "[a] footnote in the Carlsbad opinion" — 556 U.S. at 638 n* — "states that the Court will 'not revisit today whether Thermtron was correctly decided,'" since "'neither the brief for petitioner nor the brief for respondents explicitly asked the Court to do so here,'" which suggests that "[h]ad they asked, the Court might have obliged, for it said it wouldn't revisit the Thermtron decision today"). Of course we remain bound by Thermtron until the day (if it ever comes) the Court tells us we are not. See, e.g., Hicks v. Miranda, 422 U.S. 332, 345 (1975).

about whether an arguable jurisdictional ground invoked by the district court was properly such would frustrate the purpose of § 1447(d)"); Kircher, 547 U.S. at 641-42 (commenting that "[t]he District Court said that it was remanding for lack of jurisdiction, an unreviewable ground, and even if it is permissible to look beyond the court's own label" — in a footnote, id. at 641 n.9, the Court left that possibility open — "the orders are unmistakably premised on the view that . . . the court had no subject-matter jurisdiction," and adding that if "'the order is based on [§ 1447(c)'s grounds], review is unavailable no matter how plain the legal error in ordering the remand'" (quoting Briscoe v. Bell, 432 U.S. 404, 413-14 n.13 (1977)).[5]

### Applying the Law

Turning from generalities to specifics, we see that the judge remanded what was left of Perfect Puppy's case to state court for lack of subject-matter jurisdiction. We know this because the judge — citing and quoting section 1447(c) — ruled that he "lack[ed] subject matter jurisdiction" here. This is how he reached that conclusion (we simplify things slightly, repeating some of what we said earlier): The Constitution does not ban

---

[5] See also Thermtron, 423 U.S. at 343; Harvey v. UTE Indian Tribe of the Uintah & Ouray Reservation, 797 F.3d 800, 807 (10th Cir. 2015); Townsquare, 652 F.3d at 775-76; Price v. J & H Marsh & McLennan, Inc., 493 F.3d 55, 61 (2d Cir. 2007).

takings, but only takings without just compensation.  See, e.g.,
Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S.
172, 194 (1985) (Williamson, for short).  And if the state offers
adequate procedures for seeking just compensation (and Rhode
Island does), then there is no constitutional infraction — and no
takings claim is ripe — until the litigant asks the government for
fair payment and is denied.  See id. at 195; see also Marek v.
Rhode Island, 702 F.3d 650, 653 (1st Cir. 2012).  We will call
this the state-exhaustion requirement, for easy reference.
Anyhow, noting that Perfect Puppy never asked East Providence for
just compensation, the judge ruled its takings claim not ripe —
which, he also ruled, deprived him of subject-matter jurisdiction
and which then led to the remand under section 1447(c).
Critically, one of our cases — Downing/Salt Pond Partners, L.P. v.
Rhode Island & Providence Plantations, 643 F.3d 16, 20 (1st Cir.
2011) — does describe the state-exhaustion requirement as
jurisdictional.  And given this concatenation of circumstances, we
conclude that the lack-of-jurisdiction ground for the remand was
colorable — which means that section 1447(d)'s appellate-review
bar applies with full force.  See, e.g., Powerex, 551 U.S. at 234;
Kircher, 547 U.S. at 641-42; Harvey, 797 F.3d at 807-08;
Townsquare, 652 F.3d at 775-76; Price, 493 F.3d at 61.

Though convinced that Downing gave the judge a colorably jurisdictional basis for the remand, we confess that we are not 100% sure that the state-exhaustion requirement actually is jurisdictional. Williamson itself never called its requirements jurisdictional. And as Perfect Puppy is quick to point out, the Supreme Court recently described the state-exhaustion requirement as a prudential principle rather than a jurisdictional limitation. See Horne v. Dep't of Agric., 133 S. Ct. 2053, 2062 (2013) (noting that the state-exhaustion requirement "is not, strictly speaking, jurisdictional"); see also Stop the Beach Renourishment, Inc. v. Florida Dep't of Envtl. Prot., 560 U.S. 702, 729 & n.10 (2010) (saying in a facial-takings case that the state-exhaustion requirement is not jurisdictional); Suitum v. Tahoe Regional Planning Agency, 520 U.S. 725, 733–34 (1997) (calling the state-exhaustion requirement a "prudential ripeness" hurdle).[6]

But make no mistake: Even assuming — for argument's sake — that a party's failure to satisfy the state-exhaustion requirement is not a colorable ground for a subject-matter-

---

[6] Other circuits, for what it is worth, have read recent Supreme Court cases as holding that the state-exhaustion requirement is not jurisdictional. See, e.g., Sherman v. Town of Chester, 752 F.3d 554, 561 (2d Cir. 2014) (citing Sansotta v. Town of Nags Head, 724 F.3d 533, 545 (4th Cir. 2013)); Rosedale Missionary Baptist Church v. New Orleans City, 641 F.3d 86, 88-89 & n.2 (5th Cir. 2011).

jurisdiction remand, we would still affirm the judge's order here on the merits. In its lower-court filings, Perfect Puppy only argued that the state-exhaustion requirement holds no sway because East Providence removed the case to federal court. True, a government defendant's removal of a case from state court may waive otherwise valid objections to litigation in a federal forum. See, e.g., Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 624 (2002).[7] That, however, is not a problem here, given how Perfect Puppy added its takings claims after removal. Perfect Puppy raises other arguments aimed at derailing the state-exhaustion requirement. But they were not developed below and thus need not be considered here. See Slade, 980 F.2d at 31.

### Rejecting Perfect Puppy's Other Arguments

Shifting gears, Perfect Puppy notes that section 1447(d) says (emphasis Perfect Puppy's) that "[a]n order remanding a case to the State court from which it was removed is not reviewable." And it insists that this proviso cannot apply here because the

---

[7] A state-university professor there sued the state, asserting both federal- and state-law claims. Id. at 616. The state removed the case to federal court and then moved to dismiss based on Eleventh-Amendment immunity. Id. at 616-17. Noting that it was inconsistent for the state to invoke federal jurisdiction by removal, only to turn around and argue that the Eleventh Amendment deprived the court of jurisdiction, the Supreme Court held that removing the case was affirmative litigation conduct by which the state waived its Eleventh-Amendment immunity. See id. at 619, 624.

takings claim was not removed from state court — again, Perfect Puppy added the claim after East Providence removed the suit. But Perfect Puppy conveniently overlooks that the statute focuses on the "case . . . removed," not on the claims removed. And Perfect Puppy neither cites any case supporting its position (we know of none, frankly) nor offers a persuasive explanation of what the law should be (assuming it unearthed no on-point case). So that argument is waived. See, e.g., Muñiz v. Rovira, 373 F.3d 1, 8 (1st Cir. 2004) (deeming waived skeletal arguments unaccompanied by "citation to any pertinent authority").

Ever persistent, Perfect Puppy also suggests that section 1447(c) allows remand only when jurisdiction is lacking at the time of removal. Because the judge had subject-matter jurisdiction when East Providence removed the case — Perfect Puppy added the (unripe) takings claim after removal (we say for the umpteenth time) — the remand was not a subject-matter-jurisdiction remand, meaning section 1447(d)'s appellate-review bar does not apply. Or so Perfect Puppy intimates. But section 1447(c) requires district judges to remand for lack of subject-matter jurisdiction "at any time," which means section 1447(d) bars appellate review of subject-matter-jurisdiction remands made "at any time." That is what the Supreme Court said in Powerex, 551 U.S. at 232 (seeing nothing in section 1447(c)'s text suggesting

- 14 -

that that provision "covers only cases in which removal itself was jurisdictionally improper," and holding "that when a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by § 1447(c) and thus shielded from review by § 1447(d)"). Consequently Perfect Puppy's intimation is incorrect.

Taking yet another tack, Perfect Puppy notes that the high Court in Quackenbush v. Allstate Insurance Co. held that section 1447(d) does not ban appellate review of an abstention-based remand intended to let a state court resolve hotly contested points of state law. See 517 U.S. 706, 710-12 (1996) (reviewing a remand ordered based on "Burford abstention"[8]). And Perfect Puppy thinks that the remand order here is just like the

---

[8] Burford abstention takes its name from Burford v. Sun Oil Co., 319 U.S. 315 (1943). The doctrine tells federal courts "sitting in equity" not to interfere with "proceedings or orders of state administrative agencies" when "timely and adequate state-court review is available" and

> (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 361 (1989) (quoting Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 814 (1976)).

- 15 -

abstention-based remand in Quackenbush, because both remands effectively "put[]" a party "out of federal court." Ergo, its argument continues, section 1447(d) does not foreclose appellate review. But an abstention-based remand is not a section-1447(c)-based remand — Quackenbush itself says so. See 517 U.S. at 712 (emphasizing that the district judge's "abstention-based remand order does not fall into either category of remand order described in § 1447(c), as it is not based on lack of subject matter jurisdiction or defects in removal procedure"). And even a quick scan of the remand order here shows that lack of subject-matter jurisdiction — a section-1447(c) ground, as we have taken pains to make plain — is the "only . . . plausible explanation" for what put Perfect Puppy out of federal court (the order contains not even the slightest whisper of a suggestion that abstention principles played any role), making the order beyond the power of appellate review. See Powerex, 551 U.S. at 233.

## Epilogue

With that and at long last, we affirm the judge's handling of the facial-takings issue, and we dismiss the appeal for lack of jurisdiction as to that part of the judge's order remanding the as-applied claim to state court. Costs to East Providence.

- 16 -