# United States Court of Appeals
## For the First Circuit

No. 15-1607

GISELA VÉLEZ-RAMÍREZ,

Plaintiff, Appellant,

v.

COMMONWEALTH OF PUERTO RICO, through its Secretary of Justice on
behalf of the Correction and Rehabilitation Department;
CORRECTIONAL HEALTH SERVICES CORPORATION (CHSC); JOSÉ U. ZAYAS-
CINTRÓN,* in his official capacity as Acting Secretary of the
Department of Corrections and Rehabilitation of Puerto Rico;
DEPARTMENT OF CORRECTIONS AND REHABILITATION; LIBERTY MUTUAL
INSURANCE COMPANY,

Defendants, Appellees,

JOHN DOE,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

Manuel Porro-Vizcarra, with whom Yesenia M. Varela-Colón and

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2),
we substitute José U. Zayas-Cintrón for the prior Secretary, Jesús
González-Cruz.

Manuel Porro Vizcarra Law Offices were on brief, for appellant.

Carmen Lucía Rodríguez Vélez, with whom Néstor J. Navas D'Acosta, Navas & Rodríguez, P.S.C., Mariel Y. Haack, and Adsuar Muñiz Goyco Seda & Pérez-Ochoa, P.S.C. were on brief, for appellees Correctional Health Services Corporation (CHSC) and Liberty Mutual Insurance Company.

Margarita Mercado-Echegaray, Solicitor General, with whom Andrés González-Berdecía, Assistant Solicitor General, Department of Justice, Commonwealth of Puerto Rico, was on brief, for appellee Commonwealth Of Puerto Rico.

––––––––––––––

June 27, 2016

––––––––––––––

HOWARD, **Chief Judge**.  The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12001, et seq., provides persons with disabilities equal opportunities under law.  Plaintiff-appellant Gisela Vélez-Ramírez ("Vélez") alleges that her employers violated the ADA by discharging her and not rehiring her because of her vision disability.  Because the record establishes that the defendants acted for a legitimate, non-discriminatory reason, we affirm the district court's entry of summary judgment in their favor.

I.

We take the record in the light most favorable to the non-moving party, Vélez.  Collazo-Rosado v. Univ. of Puerto Rico, 765 F.3d 86, 89 (1st Cir. 2014).  Vélez worked as a contract health educator for the Puerto Rico Department of Corrections ("the Department") and the Correctional Health Services Corporation ("the Corporation").  The Department operates Puerto Rico's correctional facilities.  The Corporation provides health care for the Department's inmates.

In 2007, Vélez was diagnosed with the eye disease diabetic retinopathy.  In February 2010, she asked the defendants to reasonably accommodate her vision loss.  That same month, she underwent laser eye surgery.  Afterward, she did not return to work.  In April, the Corporation denied her request for reasonable accommodations on the basis that she was an independent contractor.

- 3 -

Later that month, the defendants considered whether to renew their professional services contracts, and they affirmatively recommended the renewal of Vélez's contract. They also notified the contractors about the renewal process via an automatically-generated email. The email was sent over the Department intranet, a private computer network accessible only from the Department's premises.

Vélez says that because she had stopped going to work, she did not sign on to the intranet or read the notice. Nevertheless, she acknowledges that she understood the contract renewal procedures, including whom she had to contact, the paperwork required, and the deadline. Despite this undisputed evidence, she did not submit the required paperwork or contact the defendants about the renewal. Her contract subsequently expired in June 2010 and was not renewed.

During the time that the contract renewal process was unfolding, Vélez applied for government benefits through the Vocational Rehabilitation Program. On her application, she claimed that she had left her job with the defendants because her "[c]ondition prevented [her] from doing job." In May 2010, she was deemed eligible to receive benefits under the Program.

The following February, Vélez filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming that the defendants had discriminated against

her because of her disability.  She later formalized this charge, see 29 C.F.R. §§ 1626.3, 1626.6, 1626.8, and the EEOC notified her of her right to sue.  Vélez then brought this action in the District of Puerto Rico, alleging that the defendants violated the ADA.[1] She alleged discrimination on two grounds: first, that the defendants actually or constructively discharged her by denying her request for reasonable accommodations; and second, after Vélez's contract expired in June 2010, that the defendants refused to rehire her because of her disability.  Vélez also alleged that the defendants refused to rehire her in retaliation against her request for reasonable accommodations.

The district court awarded summary judgment to the defendants.  The court assumed that Vélez was an employee rather than an independent contractor, and that she had exhausted administrative remedies.  It nevertheless dismissed Vélez's discrimination claims for three reasons: (1) Vélez was not an ADA "qualified individual" because she admitted to the Vocational Rehabilitation Program that she could not work; (2) the defendants' denial of Vélez's request for reasonable accommodations did not

---

[1] Vélez also brought a Rehabilitation Act claim, 29 U.S.C. § 701, et seq.  The district court dismissed this claim for the same reasons as the ADA claim.  In addition, Vélez brought state anti-discrimination claims, over which the district court declined to exercise supplemental jurisdiction because the federal claims were dismissed.  Except insofar as these conclusions are intertwined with her ADA claim, Vélez does not challenge them on appeal.

constitute discharge; and (3) the defendants' decision not to rehire Vélez was for a non-discriminatory reason: because she did not submit her renewal paperwork. The court also relied on this last ground to dismiss the retaliation claim.

## II.

We review summary judgment decisions de novo. Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 27 (1st Cir. 2011). Summary judgment is proper where the movant shows that there is no genuine dispute as to any material fact, and that it is entitled to judgment as a matter of law. Id. We may affirm a grant of summary judgment on any ground supported by the record. Id.

We proceed arguendo on the assumption that Vélez is an employee. See Dykes v. DePuy, Inc., 140 F.3d 31, 37 n.6 (1st Cir. 1998) (noting other circuits that have required employee status). To succeed on an ADA discrimination claim, a plaintiff must show that "(1) she was disabled within the meaning of the ADA; (2) she was qualified to perform the essential functions of the job, either with or without reasonable accommodation; and (3) the employer took an adverse employment action against her because of the alleged disability." Colón-Fontánez, 660 F.3d at 32. Once a plaintiff makes a prima facie showing on each of these elements, a presumption of discrimination arises. See Marcano-Rivera v. Pueblo Int'l, Inc., 232 F.3d 245, 251 (1st Cir. 2000) (citing

- 6 -

<u>Dichner</u> v. <u>Liberty Travel</u>, 141 F.3d 24, 29-30 (1st Cir. 1998)).

The burden of production then shifts to the defendant.  <u>See</u> <u>id.</u>

If the defendant produces admissible evidence of a non-discriminatory reason for its actions, then the presumption drops out.  <u>See</u> <u>id.</u>  In any event, the ultimate burden of persuasion remains on the plaintiff.  <u>See</u> <u>id.</u>

We conclude that Vélez has failed to establish a triable issue on the third element of her ADA claim: that the defendants took an adverse employment action because of her disability.  To establish this element, Vélez claims that the defendants took two unlawful actions due to her disability: they discharged her, and they refused to renew her contract.[2]

First, she says that the defendants either actually or constructively discharged her when they sent a letter denying her request for reasonable accommodations.  On its face, however, the letter only denies the request for reasonable accommodations; nowhere does it state or imply discharge.  To close this

---

[2] Although the district court also addressed a claim for denial of reasonable accommodations, Vélez appears to have abandoned this claim on appeal, and neglects even to even cite the relevant statutory provision, 42 U.S.C. § 12112(b)(5)(A).  Rather, she only argues that the defendants' denial of reasonable accommodations constituted a discharge.  In addition, both on appeal and in the district court, she has made only passing reference to the defendants' failure to engage in an interactive process.  <u>See</u> 29 C.F.R. § 1630.2(o)(3).  Thus, we deem Vélez to have waived any reasonable accommodation or interactive process claim for lack of adequate development.  <u>See</u> <u>Perfect Puppy, Inc.</u> v. <u>City of E. Providence, R.I.</u>, 807 F.3d 415, 418 (1st Cir. 2015).

evidentiary gap, Vélez argues that the denial of reasonable accommodations necessarily constituted an actual discharge. We disagree. Practically speaking, an employer may deny a request for reasonable accommodations but nevertheless allow an employee to continue working. The statute also views a denial of reasonable accommodations and a discharge as two distinct acts. Compare 42 U.S.C. § 12112(b)(5)(A) (prohibiting denial of reasonable accommodations), with id. § 12112 (b)(5)(B) (prohibiting denial of "employment opportunities . . . based on the need . . . to make reasonable accommodation"). Vélez's proposed construction, that the failure to accommodate necessarily constitutes a discharge, would render section (b)(5)(A) superfluous. We therefore decline to adopt her construction. Cf. Milner v. Dep't of Navy, 562 U.S. 562, 575 (2011) ("statutes should be read to avoid making any provision superfluous" (internal quotation mark omitted)).

Vélez argues that Sensing v. Outback Steakhouse of Fla., LLC, 575 F.3d 145 (1st Cir. 2009), supports her reading, but it does not. Nowhere in Sensing did we say that a denial of reasonable accommodations necessarily constitutes an actual discharge. There, the employer had, among other things, repeatedly refused the employee's requests to return to work, id. at 149-50, and we held that those repeated refusals constituted actual discharge, id. at 158-60. But Vélez never sought to return to work.

Vélez's constructive discharge argument also fails. To prevail on this argument, she must show that (1) "a reasonable person in [her] position would have felt compelled to resign" and (2) "[she] actually resigned." Green v. Brennan, 136 S. Ct. 1769, 1777 (2016) (citing Pa. State Police v. Suders, 542 U.S. 129, 148 (2004)); accord Sensing, 575 F.3d at 160 n.18. Vélez, however, concedes that she did not resign.

We turn to Vélez's claim that the defendants refused to rehire her after her contract expired. This claim fails because the record establishes that the defendants acted for a legitimate, non-discriminatory reason: Vélez failed to submit the required paperwork. Vélez replies that this purported reason was pre-textual, a cover-up for discrimination. She claims that, because the defendants did not want to rehire her, they chose not to inform her effectively of the renewal procedures, causing her to not submit her paperwork. But the record shows that the defendants specifically recommended Vélez's contract for renewal and provided the same intranet email notice directed to Vélez as to every other professional services contractor. In any event, Vélez concedes that she knew the renewal procedures, including whom she had to contact, the documents required, and the deadline.

Even so, Vélez insists that the defendants should have taken an extra step and also contacted her via telephone or mail. Surely the defendants could have tried harder to reach Vélez, and

perhaps it would have been wise for them to do so. But the ADA does not regulate merely unwise employment decisions, and federal courts are not "super-personnel departments" overseeing the American economy. Collazo-Rosado, 765 F.3d at 92. Rather the ADA prohibits disparate treatment based on disability. Raytheon Co. v. Hernandez, 540 U.S. 44, 52 (2003). We fail to see how the employer's application of a neutral, generally applicable policy -- notifying all of its contractors of the renewal procedure via the same intranet email -- constitutes disparate treatment. See id. at 55.

In addition, to the extent that Vélez argues that the defendants' choice to send an intranet email, despite their being aware of her absence from work, suggests discriminatory intent, that claim is belied by the record. The intranet email was not the product of an intentional decision to discriminate; rather, as Vélez acknowledges, it was automatically generated.

Vélez's retaliation claim fails for similar reasons. To succeed on an ADA retaliation claim, a plaintiff must show that the employer retaliated against her because she engaged in protected conduct. Collazo-Rosado, 765 F.3d at 92 (citing 42 U.S.C. § 12203(a)). Vélez says that the defendants refused to rehire her in retaliation against her request for reasonable accommodations. But she has put forth no competent evidence of

her own to rebut the defendants' evidence that they decided not to rehire her because she did not submit the required paperwork.[3]

### III.

The judgment of the district court is **AFFIRMED**.

---

[3] The defendants also assert that the retaliation claim is barred because Vélez failed to timely exhaust administrative remedies. See Rivera-Díaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 390 (1st Cir. 2014) (citing 42 U.S.C. § 2000e-5(e)(1)). Vélez responds that Rivera-Díaz, as a predicate to its ADA exhaustion holding, erroneously construed Puerto Rico state law, conflicting with the Puerto Rico Court of Appeals' decision in García López v. Amgen Mfg. Ltd., No. E2CI007, 2012 WL 3235804, at *4 (P.R. Cir. June 29, 2012). Whatever the merit of Vélez's argument, we are bound by Rivera-Díaz. See United States v. Rodríguez-Vélez, 597 F.3d 32, 46 (1st Cir. 2010). In any event, we choose to bypass this non-jurisdictional issue, see Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999), and to dispose of the claim on another ground.